UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                                    Criminal No. 20-cr-09-JD
                                                          Opinion No. 2020 DNH 136
<u>Hallett Merrick</u>

O R D E R

Defendant Hallett Merrick moves (doc. no. 23) for review and revocation of the magistrate judge's order detaining him without bail under 18 U.S.C. § 3145(b). The government opposes pretrial release.

Standard of Review

Under 18 U.S.C. § 3145(b), the court conducts a <u>de novo</u> review of the record to decide whether to maintain detention or release a defendant. See <u>United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990)</u>. The court must state in writing the reasons for the decision on review. <u>Id.</u> at 883.

The court shall order pretrial detention if it "finds that no condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making that determination, the court considers the factors

provided in § 3142(g).  These factors are the nature and circumstances of the charged offense, including whether it involves a controlled substance or firearm, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  § 3142(g)(1)-(4).  Ultimately, to support detention, the government must prove by clear and convincing evidence that the defendant poses a danger to the community or prove by a preponderance of the evidence that the defendant is a flight risk.  United States v. Patriarca, 948 F.2d 789, 892-93 (1st Cir. 1991).

In certain circumstances, a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. § 3142(e).  As relevant to this case, the presumption arises if there is probable cause to believe the defendant committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." § 3142(e)(3)(A).

When a presumption under § 3142(e) applies, the defendant need only produce "some evidence" to rebut it.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  "When a defendant produces such evidence, however, the presumption does not

2

disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." Id. at 1416.

Background

The court has reviewed the indictment, the transcript of the bail hearing before the magistrate judge, the pretrial services report prepared by the Probation Officer, the magistrate judge's detention order, and the parties' briefs.[1]  In addition, the court held a detention review hearing by video conference on July 30, 2020.  Merrick, counsel for Merrick, and counsel for the government attended.

   A.   Charges & Initial Bail Hearing Before Magistrate
        Judge

Merrick was initially indicted on January 22, 2020.  The grand jury returned a superseding indictment on July 8, 2020. In the superseding indictment, Merrick is charged with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a) and (b)(1)(C) (Count 1),

---

[1] The court has also considered the "Status Report" (doc. 31) filed by Merrick's counsel, which retracts certain statements made during the initial bail hearing and in the motion for review of the detention order.

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2), and possession of a firearm having previously been convicted of felony offense, in violation of 18 U.S.C. § 922(g)(1) (Count 3). Merrick made his initial appearance on January 30, 2020, and stipulated to detention. In May, Merrick requested a bail hearing, which the magistrate judge held on May 22, 2020, by video conference. The magistrate judge ordered Merrick to be detained pending trial.

A United States Probation Officer prepared a pretrial services report containing the following information for the bail hearing. Merrick is thirty-three years old. At the time of his arrest, he resided in White River Junction, Vermont. Merrick's criminal history begins at age eighteen, in 2005, when he was charged with conspiracy to traffic opium and conspiracy to sell or deliver Oxycontin in North Carolina. Through the present, Merrick has been charged and convicted of various burglary and drug-related offenses, which have resulted in several terms of incarceration. Merrick has also repeatedly violated terms of probation and failed to appear in court when required.

The Report details Merrick's struggles with substance abuse, including use of alcohol, cocaine, heroin, and fentanyl. The Report also notes Merrick's mental health status, which

4

includes a diagnoses of post traumatic stress disorder, anxiety, and, potentially, bipolar disorder.

Based on the history and information collected, the Probation Officer determined that Merrick presents a risk of not appearing for trial because of his criminal history, including his record of failing to appear, defaulting, and being a fugitive from justice.  The Probation Officer also determined that Merrick poses a risk of danger to the community because of the nature of the offense, his criminal history, his substance abuse history, his mental health history, and repeated noncompliance with probation.  The Report recommended that Merrick be detained.

B.  Initial Bail Hearing

At the initial bail hearing before the magistrate judge, Merrick requested release to the Phoenix House to receive substance abuse treatment.  The government opposed Merrick's release.

The government proffered the facts underlying the case. During an arrest, a search of Merrick uncovered six grams of fentanyl "packaged for distribution," $4,000 in cash, and a firearm.  Doc. 17 (Bail Hearing Tr.) at 11.[2]  The government

---

[2] The arrest resulted from an outstanding warrant for a state offense.  Doc. 17 at 12.

5

noted that Merrick has previously been convicted of a felony.[3] The government theorized that Merrick was selling drugs but was providing his customers smaller quantities than promised or typical – i.e., "shorting" the customers.  The government suggested that Merrick was carrying a firearm for protection during those sales.

Merrick responded that the weight of the evidence was weak and did not support the government's drug distribution case. Merrick argued that the drugs found were for personal consumption, pointing to the "fairly modest quantity" of drugs found.  Id. at 22.  Merrick dismissed the government's theory that Merrick was "shorting" customers as speculative.

The government argued that Merrick has a lengthy and serious criminal history including crimes such as burglaries. The government noted that Merrick's history also includes failures to appear "nearly every time" Merrick has been charged, as well as probation violations.  Id. at 14.  Merrick acknowledged that his criminal history is serious but asserted that he does not have an atypical criminal history for a person with longstanding and unresolved substance abuse issues.

---

[3] At the time of the initial bail hearing, Merrick had not yet been charged with possession of a firearm by a person convicted of a felony offense.  That charge was added as Count 3 in the July 8, 2020, superseding indictment.

Merrick contended that substance abuse is the root cause of his criminal history. Accordingly, Merrick asserted that release to a substance abuse treatment program was appropriate.

The government argued that Merrick has no ties to New Hampshire and a sporadic work history. The government stated that the Phoenix House is not a secure facility, so there would be no guarantee that Merrick would not simply walk away. Merrick responded that his lack of ties to New Hampshire were not critical to the analysis because he has strong ties to the neighboring New England states of Massachusetts and Vermont. Merrick contended that there was no evidence that he would abscond if released to the substance abuse treatment program.

After the parties presented their arguments, the magistrate judge reviewed each of the factors under § 3142(g). She noted, without objection from Merrick, that the court would begin with a rebuttable presumption that there are no conditions that could be fashioned to address Merrick's risk of flight and dangerousness. See 18 U.S.C. § 3142(e)(3)(A) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed," among other offenses, "an offense for which a maximum term of imprisonment

of ten years or more is prescribed in the Controlled Substances Act"); doc. 15 (Order of Detention Pending Trial) at 3 (identifying the legal basis for and explaining the scope of the presumption).

As to the weight of the evidence, the magistrate judge concluded that the evidence as proffered by the government could lead to a conclusion that Merrick was involved in the distribution of controlled substances.  As to Merrick's history, the magistrate judge acknowledged Merrick's efforts to attempt substance abuse treatment, but noted Merrick's "lengthy history" of defaults, failures to appear, violations of probation, and "multiple fugitive from justice charges."  Doc. 17 at 51.  The magistrate judge concluded that Merrick "demonstrate[d] a history of noncompliance with court orders and also a history of failing to appear."  Id.  The magistrate judge stated that she was not persuaded that Merrick's behavior would be different in this case.

The magistrate judge acknowledged Merrick's ties to New England, but stated a concern about the "flux" in his residences and difficulties in maintaining contact with Merrick, which was exemplified by his most recent failure to appear resulting from an inability to identify Merrick's current address.  Id. at 53. The magistrate judge also noted that Merrick's employment history was sporadic and unverified and that Merrick's mental

8

health issues raised concerns for the court as to risk of flight.  Lastly, as to whether Merrick presents a danger to the community if released, the magistrate judge stated that the facts of the case – Merrick's possession of controlled substances and his possession of a firearm – raised concerns about the community's safety.

After reviewing the § 3142(g) factors, the magistrate judge found that the government met its burden to show by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure Merrick's appearance.  The magistrate judge also found that the government proved by clear and convincing evidence that there was no condition or combination of conditions for release that would reasonably assure the safety of the community.  Accordingly, the magistrate judge ordered Merrick detained pending trial.

### C.   Detention Review Hearing

Merrick subsequently filed a motion for review of his detention status, which is now before the court.  Doc. 23.  The court held a detention review hearing on Merrick's motion by video conference on July 30, 2020.

At the hearing, Merrick requested that the court temporarily detain Merrick until a bed was available at an inpatient substance abuse treatment program.  Merrick asserted

that a bed would become available as one was before during the initial bail hearing before the magistrate judge. Merrick reiterated his argument from the initial bail hearing that his criminal record stems from severe substance abuse issues, that he has substantial ties to New England, and that he is highly motivated to address his substance abuse problem through inpatient treatment.

In addition, Merrick argued that he was not a danger to the community because he was arrested with only a small quantity of controlled substances. He asserted that he has no prior firearms, drug distribution, crime of violence, or sexual assault convictions. Merrick maintained that the drugs found during his arrest were for his personal use, and he noted that, under the applicable standard, only reasonable assurances of the defendant's appearance and the safety of the community are necessary to mandate bail.

In response, the government reiterated its theory that Merrick was "shorting" customers. The government also pointed to the large amount of cash found on Merrick and the firearm as evidence supporting the controlled substance distribution charge. As to Merrick's history, the government also reiterated that it was rife with defaults, probation violations, and failures to appear, even when the ultimate disposition of a case was dismissal. The government did not dispute that Merrick's

10

substance abuse problems were a cause of his criminal record, but it stated that his history of failures to appear and inability to comply rendered a rehabilitative model unsuitable. After the parties completed their arguments, the court took the matter under advisement.

## Discussion

Merrick asks the court to review his detention under § 3145(b) and release him to the custody of an inpatient drug rehabilitation facility. The government contends that Merrick's detention is necessary because he poses a flight risk and a danger to the community. It argues that all the § 3142(g) factors weigh in favor of detention.

### A.   Nature and Circumstances of Charged Offense

Merrick is charged with three offenses: possession with intent to distribute fentanyl (Count 1), possession of a firearm in furtherance of that drug trafficking crime (Count 2), and possession of a firearm having been convicted of a felony offense (Count 3).[4] Congress has unequivocally determined that charges which involve drugs and firearms are serious and present the highest risk of danger to the community. See United States

---

[4] Count 3 was added in a superseding indictment after the initial detention hearing held by the magistrate judge.

11

v. Perez, 2020 WL 1991161, at *2 (D. Mass. Apr. 22, 2020) ("The Bail Reform Act requires the court to expressly consider whether the offense charged involved, among other things, a controlled substance or a firearm.  Here, the offenses charged involved both guns and drugs. . . .  Hence, the first factor supports detention."); United States v. Rodriguez-Romero, 18 F. Supp. 3d 116, 121 (D.P.R. 2014) ("In the case at bar, Defendant is charged with possession of narcotics with the intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a prohibited person, charges which are all unquestionably quite serious and violent in nature.").  Therefore, this first factor weighs in favor of detention.

      B.    Weight of the Evidence

The weight of the evidence also favors detention.  As to Count 1, possession with intent to distribute a controlled substance, the weight of the government's evidence is considerable.  Merrick argues that the relatively small quantity of drugs that were found on him undercuts the government's position that they were intended for distribution.  The government explains the small quantity of drugs by theorizing that Merrick was shorting customers and carrying a firearm for protection if the scheme was discovered.

Even if, as Merrick contends, the government's explanation for the quantity of drugs is speculative, there is substantial evidence – all discovered on Merrick during or shortly after his arrest – that Merrick was engaged in drug distribution.  The evidence includes the large quantity of individual packages in which the drugs were found, the large amount of cash Merrick was holding, and the firearm.  This same evidence supports the government's charge that Merrick possessed a firearm in furtherance of a drug trafficking crime (Count 2).

As to Count 3, possession of a firearm by a prohibited person, the government has proffered that Merrick had a firearm on him at the time he was arrested, and Merrick has not disputed that he has been convicted of a felony offense.  Merrick did not offer a substantial argument against the weight of the evidence as to possession of a firearm by a prohibited person at the detention review hearing.

Merrick contends that the magistrate judge erred in her analysis of the weight of the evidence by ruling that "such weighing is unnecessary at the detention stage."  Doc. 23 at 5. As a threshold matter, whether the magistrate judge erred as to her application of the § 3142(g) factors is immaterial because the court reviews the magistrate judge's decision and applies the § 3142(g) factors de novo.

Nevertheless, the magistrate judge's analysis was correct, and the court finds her discussion about the weight of the evidence against Merrick persuasive.  At the outset of her oral ruling at the initial bail hearing, the magistrate judge stated that she "want[ed] to stress for [Merrick] again that the purpose of today's proceedings is not for the Court to make an assessment or conduct any kind of analysis about the likely outcome of this – the pending charges.  I'm not charged with making any findings as they relate to your guilt or innocence.  I'm to presume that [the] presumption of innocence doesn't go away.  What I'm charged with doing is assessing whether or not . . . there is a condition or whether there are a combination of conditions that will reasonably assure your appearance at future court proceedings."  Doc. 17 at 43.  Later, when specifically addressing the weight of the evidence, the magistrate judge acknowledged that Merrick might be able to convince a jury that the government has not met its burden to prove his guilt.  See id. at 47-48.  The magistrate judge explained that, nevertheless, "for the purposes of today's proceeding, I'm not looking at the weight of the evidence in that fashion.  I'm not deciding whether or not the government's going to meet its burden.  What I'm looking at is what is it about the weight of the evidence as the government has shared it with me that could

raise concerns for the Court about risk of flight or dangerousness."  Id. at 48.

As the magistrate judge correctly observed, when evaluating the "weight of the evidence," the court does not make a determination of the defendant's guilt or innocence, but rather asks whether the evidence against the defendant, as proffered by the parties, is so strong that it could lead the defendant to flee.  See 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence."); United States v. Torres-Rosario, 600 F. Supp. 2d 327, 334 (D.P.R. 2009) ("[N]umerous courts have recognized that the seriousness of the charge and the weight of the evidence can create a strong incentive for a defendant's flight.").  Indeed, the magistrate judge's statements about the standard at the bail hearing were consistent with Merrick's position on the standard, which he stated as follows: "[O]n this issue of the strength of the case . . . this isn't a trial. . . .  I think the idea is that the stronger the weight, the greater the risk of running; maybe the stronger the weight, the greater the danger."  Doc. 17 at 40.  Here, as the magistrate judge explained, the weight of the evidence is strong and guides the court toward an inference that Merrick's risk of flight and danger to the community is significant.

C.    History and Characteristics of Defendant

Merrick's criminal history includes a lengthy list of defaults, failures to appear, and probation violations. In the past, when Merrick has been on probation in lieu of detention, he has committed additional crimes, violated the terms of his probation, and failed to appear in court. Merrick's assertions about his substance abuse issues and need for drug rehabilitation are credible, but the court cannot overlook his history of failing to appear for court. Therefore, this factor weighs in favor of detention.

D.    Danger to the Community

As noted above, Merrick is charged with a serious drug offense, with possessing a firearm in furtherance of that offense, and with possessing a firearm as a prohibited person. As the magistrate judge found, these circumstances support a finding that Merrick's behavior presents a danger to the community. Doc. 17 at 53-54; see also United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985) ("[T]he harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger.'"). That finding is bolstered by the presumption of dangerousness under 18 U.S.C. § 3142(e). Dillon, 938 F.2d at 1416 (noting that a rebutted presumption of dangerousness under § 3142(e) "retains evidentiary weight").

The § 3142(g) factors all weigh against Merrick. The government has shown by a preponderance of the evidence that Merrick presents a flight risk and by clear and convincing evidence that he presents a danger to the community and that there are no conditions of release from confinement that would reasonably assure Merrick's presence for trial and the community's safety.

## Conclusion

For the foregoing reasons, Merrick's motion for bail (doc. no. 23) is denied.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

August 4, 2020

cc:   Counsel of Record
      U.S. Probation
      U.S. Marshal