UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                      Criminal No. 20-cr-009-JD
                                          Opinion No. 2020 DNH 145

Hallett Merrick

O R D E R

Defendant Hallett Merrick moves (doc. no. 36) for discovery of information relating to the grand jury that returned the superseding indictment against him on July 8, 2020. Merrick requests the discovery in relation to a potential motion challenging whether the July 8, 2020, superseding indictment was returned by a grand jury from which African Americans and other minorities were not excluded. The government assents to the discovery requested by Merrick so long as personal identifying information relating to grand jurors or potential grand jurors is redacted or excluded. The court grants Merrick's motion.

The Jury Selection and Service Act of 1968 prohibits the exclusion of anyone from service as a grand or petit juror "on account of race, color, religion, sex, national origin, or economic status" and states that "[i]t is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. §§ 1861, 1862; see also United States v. Shader, No. 20-cr-202, ___ F. Supp. 3d ___, 2020 WL 4158059, at *2-*3 (E.D.N.Y. July 17, 2020) (noting that the Act extends to grand juries a defendant's Fifth and Sixth

Amendment rights to have a petit jury selected from a fair cross-section of the community).  To help effectuate this right, "[t]he parties in a case shall be allowed to inspect, reproduce, and copy" "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process" "at all reasonable times during the preparation and pendency of" a motion to dismiss the indictment or stay the proceedings on the ground of noncompliance with the Act.  28 U.S.C. § 1867.  In Test v. United States, the Supreme Court held that § 1867 provides "essentially an unqualified right to inspect jury lists."  420 U.S. 28, 30 (1975).

At the same time, § 1867 "is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court."  United States v. Rice, 489 F. Supp. 2d 1312, 1316 (S.D. Ala. 2007) (stating that "federal courts have uniformly declined to allow unfettered access to all jury-related documents and records" and collecting cases).  Rather, discovery of jury-related records must be "reasonably necessary for preparation of a motion under the Act."  Id.

Merrick requests production of the following material from the Clerk of Court and/or the government:

> [1] The jury selection plan used to select the grand juries who sat on July 8, 2020, including any and all modifications, additions, alterations or refinements to this Court's jury selection plan issued on December 20, 2016 as a result of the COVID-19 epidemic or otherwise.
>
> [2] Any and all policies implemented by this Court in deciding whether to excuse individuals from service on the July 8, 2020 grand jury as a result of the COVID-19 epidemic or otherwise.

> [3] All letters or other communications sent out by the Court calling for service on the July 8, 2020 grand jury.
>
> [4] Any and all demographic information, including race and ethnicity information, obtained by the Court from individuals summoned for service on the July 8, 2020 grand jury.
>
> [5] Any and all information about the race and ethnicity of grand jurors that constituted a quorum on July 8, 2020 and returned the superseding indictment against Mr. Merrick.
>
> [6] All records and other information relating to any individuals summoned for service as grand jurors on July 8, 2020 who were excused from service for any reason.
>
> [7] Any statistical or demographic analysis performed on this Court's Master Jury Wheel and the Qualified Jury Wheel since 2016.

Doc. 36 at 1-2.  Without any objection to the scope of the discovery requested, Merrick's motion for discovery is **GRANTED** as follows.  The Clerk of Court is **DIRECTED** to produce to counsel for Merrick and counsel for the government the information listed above or records of the information listed above within a reasonable time period not to exceed fourteen (14) days.  The production of this material is subject to the following restrictions.

- The Clerk of Court shall redact personal identifying information from any material produced pursuant to this Order, including jurors' names, jurors' street addresses, the last four digits of any juror's nine-digit zip code, any juror's nine-digit participation number, jurors' phone numbers, jurors' e-mail addresses, jurors' employers, and any other information that the Clerk of Court calculates is reasonably necessary to protect the identity of any juror.

- The produced material may only be used in connection with the preparation and litigation of a motion in this case challenging the District of New Hampshire's grand jury selection procedures. The produced material may not be used for purposes of jury selection, trial, or any other matter except as already noted.
- The produced material must be returned to the court prior to or at the commencement of jury selection or counsel must certify that the produced material has been destroyed and that no produced material or information has been retained in any duplicate or facsimile form.
- Consistent with 28 U.S.C. § 1867(f), the produced material may not be disclosed, shown, or distributed in any manner to third parties. The produced material may only be disclosed to individuals who have a need to view the material for the defined scope of the production, as noted above.
- The defendant shall not possess the produced material at any time, except when reviewing the material with counsel. The material may not be carried into or reviewed in any jail facility. The material may be reviewed by the defendant by whatever appropriate requested arrangements can be made to facilitate any such review, including video or audio conference procedures that have been utilized during the ongoing COVID-19 pandemic.
- Any attorney who accesses the produced material is personally responsible not only for their compliance with this Order, but also their client's compliance with

the requirements of this Order and compliance by any staff member or other person who is shown the material consistent with the parameters of this Order.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

August 18, 2020

cc: Counsel of Record.
    U.S. Marshal
    U.S. Probation